IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   CHAPTER 13 CASE NO.:

ROBERT WHITE AND
CHARLOTTE WHITE   23-12197-JDW

OBJECTION TO CONFIRMATION OF
SECOND AMENDED CHAPTER 13 PLAN (DKT. #18)

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after reviewing the voluntary petition (the "Petition"), Schedules, Statement of Financial Affairs, and conducting the Section 341(a) Meeting of Creditors, and files this Objection to Confirmation of Second Amended Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1. The Debtors commenced this proceeding by filing a voluntary petition on July 20, 2023 (the "Petition Date"). The Debtors filed a proposed Second Amended Chapter 13 Plan (Dkt. #18) (the "Plan") on September 14, 2023.

2. The Debtors are above median income, and the proposed term of the Plan is sixty (60) months. Section 5.1 of the Plan does not provide for a distribution to nonpriority unsecured creditors. The liquidation value in Section 5.1 of the Plan is zero ($0).

3. The Plan fails to comply with 11 U.S.C. § 1325(a)(1) because Sections 3.2 and 3.3 of the Plan both propose payment to Capital One Auto Finance ("Capital One"), which is secured by a 2018 Chevrolet Traverse. According to the Proof of Claim filed by Capital One (Clm. #3-1), the 2018 Chevrolet Traverse is a 910 vehicle. Accordingly, the debt owed to Capital One is improperly listed in Section 3.2 of the Plan, and the Trustee cannot administer the Plan due to this error.

4. Section 3.3 of the Plan fails to comply with 11 U.S.C. § 1325(a)(1). The Debtors are proposing to pay the claim of Hyundai Motor Finance for a 2018 Ford Explorer in full. However, the indebtedness is owed to Wells Fargo Bank N.A. ("Wells Fargo") and not to Hyundai Motor Finance, according to the Proof of Claim filed by Wells Fargo (Clm. #2-1). The Trustee cannot administer the Plan due to this error.

5. The Debtors should timely remit all plan payments due under the Plan prior to the hearing, or the case should be dismissed for failure to comply with the proposed Plan.

6. For the reasons set forth herein, the Trustee submits that confirmation of the Plan should be denied, and the case should be dismissed.

WHEREFORE PREMISES CONSIDERED, the Trustee respectfully requests that this Court enter its order sustaining the Objection upon notice and hearing. The Trustee prays for other such general and specific relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: October 11, 2023.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, MS 39211
(601) 355-6661
mvardaman@barkley13.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I either mailed by United States Postal Service, first-class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: October 11, 2023.

/s/ Melanie T. Vardaman
MELANIE T. VARDAMAN